**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

JAHZIEL PINEIRO,                        :

       Plaintiff,                      :

    vs.                                 :          CIVIL ACTION NO.: CV206-070

UNITED STATES DEPARTMENT OF             :
JUSTICE; BUREAU OF PRISONS, and         :
Warden VASQUEZ,                         :

      Defendants.                     :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly confined at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup") has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he was assaulted by three inmates. Plaintiff avers that he ran to the officer's station for help, but could not find a staff member in the housing unit. Plaintiff asserts that the inmates "brutally" beat him in front of the officer's station causing injury and sever pain. Plaintiff asserts that staff members did not provide him with proper security. Plaintiff contends that staff members violated their duty of reasonable care by leaving him alone with inmates who assaulted an elderly inmate prior to injuring Plaintiff. Plaintiff also alleges that he was placed in FCI Jesup illegally, and Prison officials acknowledged that he should be placed in a low security institution after the alleged incident.

The Supreme Court in Bivens, 403 U.S. at 397, held that an individual maintains a cause of action against federal officials when those officials violate the plaintiff's

2

constitutional rights. Plaintiff names as Defendants the United States Bureau of Prisons and Department of Justice. The proper defendant in a <u>Bivens</u> claim is the federal officer who violated the plaintiff's constitutional rights, not the federal agency which employs the officer. <u>FDIC v. Meyer</u>, 510 U.S. 471, 485-486, 114 S. Ct. 996, 1005-1006, 127 L. Ed. 2d 308 (1994). Therefore, Plaintiff's claim for monetary damages against the United States Bureau of Prisons and Department of Justice should be dismissed pursuant to § 1915A(b)(2).

"It is well established in this circuit that supervisory officials are not liable under <u>Bivens</u> for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003). However, supervisors "'can be liable. . . when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff[ ], and his conduct was causally related to the constitutional violation committed by [the] subordinate.'" <u>Id.</u> (quoting <u>Greason v. Kemp</u>, 897 F.2d 829, 836 (11th Cir. 1990)). A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights. A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. <u>Id.</u> at 1235 (internal citations omitted).

Plaintiff asserts claims against Warden Vasquez. Plaintiff has asserted no specific action by Defendant Vasquez which may have caused his injuries by unnamed inmates.

3

Plaintiff's Complaint merely states that "staff members did not provide him with the proper security warranted" and draws no connection between his alleged injury and Defendant Vasquez. (Pl.'s Compl. at p. 2.) Although Plaintiff mentions a separate incident which occurred the day prior to his alleged injuries, Plaintiff has not alleged a history of widespread abuse which would put Defendant Vasquez on notice of deliberate indifference to his constitutional rights. Plaintiff further fails to assert a policy or custom exercised by Defendant Vasquez that would have resulted in a deliberate indifference to his constitutional rights.   Plaintiff appears to have named Vasquez as a defendant based solely on a theory of respondeat superior. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Vasquez.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _29th_ day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)